UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

    *Plaintiff*,

      -against-

WILLIAM ORELLANA and LA FRONTERA
NIGHTLIFE ENTERTAINMENT CORP.,
d/b/a LA FRONTERA BAR & RESTAURANT,

    *Defendants*.
----------------------------------X

**MEMORANDUM & ORDER**

18-CV-2052(KAM)(VMS)

**MATSUMOTO, United States District Judge**:

    Plaintiff J & J Sports Productions, Inc. ("plaintiff") brought this action on April 6, 2018, asserting claims under 47 U.S.C. §§ 553 and 605 of the Federal Communications Act of 1934 (the "FCA") against defendants William Orellana, and La Frontera Nightlight Entertainment Corp. ("La Frontera," and together with Orellana, "defendants"), doing business as La Frontera Bar & Restaurant. (*See* ECF No. 1, Compl.) Following service of process and defendants' failure to appear, answer, or otherwise respond to the Complaint, plaintiff filed a request for a certificate of default. (*See* ECF No. 8.) The Clerk of Court entered default against defendants, (*see* ECF Nos. 10-11), and plaintiff subsequently moved for default judgment, seeking statutory damages of $9,000 and enhanced damages of $27,000, plus interest, fees, and costs, (*see* ECF No. 12, Plaintiff's Motion for Default Judgment ("Pl. Mot.") at 3).

Based on a review of the well-pleaded allegations and evidence presented in plaintiff's filings, the court grants plaintiff's motion for default judgment, only against defendant La Frontera, for a violation of § 605, and awards damages consistent with this Order.

**BACKGROUND**

Plaintiff is incorporated in California with its principal office and place of business in San Jose, California. (Compl. ¶ 6.) Defendant La Frontera operates the commercial establishment doing business as La Frontera Bar & Restaurant in Jamaica, New York. (*Id.* ¶ 7.) La Frontera Bar has an approximate capacity of 40 people, and includes a bar and restaurant area with four televisions and one screen projector. (*See* ECF No. 12-3, Hunter Decl., Ex. 4, Ghaffan Aff. at 1.) The New York State Liquor Authority license issued to La Frontera identifies defendant Orellana as its "Principal" and "Owner." (Compl. ¶ 8.)

Plaintiff entered into a closed-circuit television license agreement whereby it purchased exclusive rights to exhibit the May 2, 2015, World Super Welterweight Title Bout between Floyd Mayweather and Manny Pacquaio (the "Event"), including undercard bouts. (*Id.* ¶ 16; *see also* ECF No. 12-2, Gagliardi Aff. at 1.) Plaintiff sublicensed its rights to publicly exhibit the Event to various commercial entities such

2

as bars, restaurants, and casinos, throughout the United States, and specifically in New York. (Compl. ¶ 16.)

Defendants were not among the various entities that contracted with plaintiff to show the Event. (*Id.* ¶ 11.) Nevertheless, on May 3, 2015, around 1:00 a.m., an investigator retained by plaintiff entered La Frontera and observed the title bout of the Event on four televisions and one screen projector. (Ghaffan Aff. at 1-2.) This investigator left within approximately 15 minutes of entering, but observed, despite the darkness she noted, three women serving as bartenders, three other women serving as waitstaff, and a rather inebriated crowd of between 25 and 35 people. (*Id.*) The investigator paid no cover charge and ordered no food or drinks. (*Id.*)

## LEGAL STANDARD

### I. Default Judgment

According to Federal Rule of Civil Procedure 55 ("Rule 55"), courts may enter default judgment following a two-step process. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, the Clerk of Court must enter a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). A court considers an entry of default against a party to be an admission of all the well-pleaded allegations in the

complaint regarding liability. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *see also Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("[Rule 55] tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party."). Second, if the defaulting party fails to appear or move to set aside the entry of default under Rule 55(c), the opposing party may file a motion for default judgment to establish liability and damages. Fed. R. Civ. P. 55(b)(2).

**A. Liability**

Entry of default does not necessarily entitle a moving party to default judgment "as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). The court must determine whether the plaintiff's allegations establish "liability as a matter of law," thus warranting default judgment. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under [Rule] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally

4

disfavored." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). Thus, courts may grant a motion for default judgment only if the plaintiff has satisfied its burden of demonstrating that the unchallenged allegations, and all reasonable inferences drawn from the evidence, establish the defendant's liability on each asserted cause of action. "Put differently, liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010).

### B. Damages

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). Once the court finds a defaulting party liable, it next considers whether the movant "has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). An evidentiary hearing is not required to

5

determine damages so long as there is a basis for the awarded damages specified in the default judgment. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "[A] review of detailed affidavits and documentary evidence" is sufficient to form a basis for calculating reasonably certain damages. *Cement & Concrete Workers*, 699 F.3d at 234; *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 114 (E.D.N.Y. 2011) ("In determining damages not susceptible to simple mathematical calculations, Federal Rule 55(b)(2) gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient.").

**DISCUSSION**

**I.     Liability**

The FCA regulates the unauthorized reception of radio and cable wire transmissions. 47 U.S.C. § 151 *et seq.* The unauthorized interception and reception of such transmissions, originating by satellite or any other means, violates both 47 U.S.C. §§ 553(a)(1) and 605(a). *Garden City Boxing Club, Inc. v. Hernandez*, No. 04-CV-2081, 2008 WL 4974583, at *3 (S.D.N.Y. Nov. 24, 2008). Section 605 states that "no person not being authorized by the sender shall intercept any radio communication

6

and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). Section 553 similarly provides that "no person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." *Id.* § 553(a)(1). Plaintiff, however, moves for entry of default judgment seeking damages only under § 605(a), and the court shall not consider whether defendants violated § 553.[1] (*See* Pl. Mot. at 3; ECF No. 12-1, Plaintiff's Memorandum of Law in Support ("Pl. Mem.") at 11; ECF No. 12-3, Hunter Decl. ¶ 8.)

The court finds that the unrefuted allegations in the Complaint sufficiently establish the elements of liability for a violation of § 605(a) by La Frontera but not by Orellana.

---

[1] When a defendant violates both § 553 and § 605, the plaintiff may recover only under one section. *Circuito Cerrado*, 804 F. Supp. 2d at 114. Because § 605 provides for a greater award of damages than § 553, when both sections are violated "the court should grant request[s] for damages under § 605(e) instead of granting the lesser damages available under § 553." *Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009 (2d Cir. 1993); *compare* 47 U.S.C. § 605(e)(3)(c) (permitting recovery of statutory damages not less than $1,000 for each violation of § 605(a) and enhanced damages of not more than $100,000 for each willful violation) *with* 47 U.S.C. § 553(c)(3) (permitting recovery of statutory damages of not less than $250 for all violations and enhanced damages of not more than $50,000 for each willful violation).

7

### A. Defendant La Frontera Bar & Restaurant

Plaintiff alleges that it purchased and retained the exclusive commercial exhibition licensing rights to the Event and no other company was authorized to transmit the Event to defendants. (Gagliardi Aff. ¶ 3.) At no time did defendants lawfully license the Event from plaintiff. (*Id*. ¶ 7.) The programming used by plaintiff to broadcast the Event is encrypted and can only be broadcasted by a commercial establishment after plaintiff authorizes a commercial activation. (*Id*.) Thus, the only way that La Frontera Bar could have received the transmission and broadcasted the Event without violating § 605(a) would have been to sublicense the broadcast rights from plaintiff. (*Id.* ¶ 3.)

In the early hours of May 3, 2015, between 1:00 and 1:15 a.m., defendant La Frontera was observed broadcasting the Event on four television screens and through a projector onto a wall or screen to roughly 30 patrons. (Ghaffan Aff. at 1.) There are multiple ways to unlawfully intercept and broadcast the Event including use of a "blackbox" or "smartcard" to descramble the transmission, misrepresenting a commercial establishment as a residence, use of an illegal cable drop from an adjacent apartment, or purchasing illegal satellite codes. (Gagliardi Aff. ¶ 10.) "The Act of intercepting an encrypted broadcast is not done by accident, but requires an affirmative

action by the defendant." *Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("[S]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."); *see also Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F. Supp. 2d 659, 669 (E.D. Va. 2013). A number of courts in this District have held that nearly identical allegations brought by plaintiff are sufficient to plead a claim for relief under § 605. *See, e.g.*, *LX Food Grocery Inc.*, 2016 WL 6905946, at *2 (citing cases). Plaintiff has thus established that La Frontera is liable for violating § 605(a) by intercepting an unauthorized communication and publishing the contents of the intercepted communication. Plaintiff's motion for default judgment on liability is granted as to defendant La Frontera.

**B. Defendant William Orellana**

Plaintiff alleges that Orellana is liable in his individual capacity as the owner and principal of La Frontera. (Compl. ¶ 9.) To establish a contributory violation of § 605(a), plaintiff is required to demonstrate that Orellana authorized the violations set forth in the Complaint. *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005) (citing cases); *see also Softel, Inc. v. Dragon Med. & Sci. Commc'ns. Inc.*, 118 F.3d 955,

9

971 (2d Cir. 1997). "To establish vicarious liability . . . [plaintiff] must show that . . . [an owner] had a right and ability to supervise the infringing activities and had an obvious and direct financial interest in the exploitation of the copyrighted materials." *Morales*, 2005 WL 2476264, at *10.

The Complaint alleges that defendant Orellana had the right and ability to supervise La Frontera's actions, and either specifically directed or permitted the employees at La Frontera to unlawfully intercept and broadcast the signal or personally intercepted and published the same. (Compl. ¶¶ 9-12.) Plaintiff bases these allegations on Orellana's designation as the owner or principal of La Frontera on its New York State Liquor Authority-issued license. (*Id.* ¶ 12.) But, the court finds that the allegations concerning Orellana's authority and involvement in the violation of § 605 are nothing more than a "formulaic recitation of the elements of a cause of action" and are insufficient to establish a *prima facie* case. *LX Food Grocery*, 2016 WL 6905946, at *3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A defaulting party is not held to have admitted the rote legal conclusions of a movant for default judgment. *See J & J Sports Prods., Inc. v. J & O LLC*, No. 17-CV-4180, 2018 WL 4522098, at *4 (E.D.N.Y. July 25, 2018), *adopted at*, 2018 WL 3991493, at *1 (E.D.N.Y. Aug. 21, 2018).

Accordingly, the court finds that plaintiff has failed to sufficiently establish Orellana's liability for a violation of § 605(a). *See, e.g.*, *J & J Sports Prods., Inc. v. Monte Limar Sports Bar Inc.*, No. 15-CV-3771, 2017 WL 933079 (E.D.N.Y. Mar. 8, 2017) (finding no individual liability where allegations were generic and based solely on individual's status as an officer or principal of establishment and did not infer ability to supervise or direct participation in violation); *J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13-CV-6173, 2014 WL 4700014, at *4 (E.D.N.Y. Aug. 29, 2014) (finding no liability for individual listed as principal on establishment's liquor license which conferred only a "general ability to supervise the establishment's operations and enjoy it's profits" and did not "suggest . . . that the principal had anything to do with the decision to display" an unauthorized cable wire transmission); *see also J & J Sports Prods., Inc. v. Daley*, No. 06-CV-0238, 2007 U.S. Dist. LEXIS 49839, at *8-11 (E.D.N.Y. Feb. 15, 2007).

Even were the court to consider the second requirement of vicarious liability, an obvious and direct financial interest in the violation, the court would still find that plaintiff has not sufficiently established Orellana's direct or indirect financial gain from La Frontera's violation of § 605. The investigator paid no cover charge, purchased no food or beverages, and, during her 15 minutes at La Frontera, apparently

observed no one else doing the same. *See LX Food Grocery*, 2016 WL 6905946, at *3 (finding no vicarious liability based on lack of financial gain where plaintiff failed to allege a cover charge, surcharge on goods, or that patrons made any purchases). Though the investigator observed that "everyone was very drunk," (Ghaffan Aff. at 1), and the court could infer these patrons purchased alcoholic drinks at La Frontera, the investigator's observation is insufficient to establish Orellana's financial gain from La Frontera's violation. *See also J & O LLC*, 2018 WL 4522098, at *4.

Thus, the court finds only defendant La Frontera liable for a violation of § 605(a) and grants plaintiff's motion for default judgment as to La Frontera, but denies the motion as to Orellana.

**II.    Damages**

Having established La Frontera's liability, plaintiff is entitled to damages. Plaintiff seeks statutory damages of $9,000, enhanced damages of $27,000, attorneys' fees and costs, and pre- and post-judgment interest. (*See* Pl. Mot. at 3.)

Damages under § 605 include, at the election of the aggrieved party, either actual damages, 47 U.S.C. § 605(e)(3)(C)(i)(I), or statutory damages up to $10,000 for each violation of § 605(a) and up to $100,000 for each violation made "willfully and for purposes of direct or indirect commercial

advantage or private financial gain." *Id.* § 605(e)(3)(C)(i)(II), (e)(3)(C)(ii); *see also J & J Sports Prods., Inc. v. 1400 Forest Ave. Rest. Corp.*, No. 13-CV-4299, 2014 WL 4467774, at *9 (E.D.N.Y. Sept. 10, 2014). Section 605 also provides for an award of reasonable attorneys' fees to a prevailing aggrieved party. 47 U.S.C. § 605(e)(3)(B)(iii). Finally, the amount of damages awarded under § 605 is within the court's sound discretion. *Time Warner Cable of N.Y.C. v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997).

### A. Statutory Damages

Plaintiff neither seeks, nor provides evidence of, its actual damages and argues "actual damages are often difficult to prove." (*See* Pl. Mem. at 7 (citing *Lauretex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981)).) Instead, plaintiff seeks statutory damages. Nevertheless, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234. A court is required to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec.*, 183 F.3d at 155. Given plaintiff's submissions, the court finds it can

calculate an appropriate award of statutory damages in this case and an evidentiary hearing is not required.

Courts have generally awarded statutory damages based on the greater of two methods: flat-fee, the licensing fee a plaintiff would have charged a liable defendant to broadcast an event; or per-person, the sum of what each individual who viewed an unauthorized event at a defendant's establishment would have paid at home. *See J & J Sports Prods., Inc. v. Arhin*, No. 07-CV-2875, 2009 WL 1044500, at *1 (E.D.N.Y. Apr. 17, 2009); *see also J & J Sports Prods., Inc. v. Sugar Cafe Inc.*, No. 17-CV-5350, 2018 WL 324266, *1 (S.D.N.Y. Jan. 5, 2018). Here, plaintiff provides evidence that it would have charged a commercial sublicense fee of $3,000 to broadcast the Event at La Frontera given that its maximum capacity is less than 100 persons. (Gagliardi Aff. ¶ 8; Ex. 2, Rate Card.) Plaintiff's investigator states she did not pay a cover charge. (Ghaffan Aff. at 1.) Although plaintiff did not plead what the Event would have cost a customer to view at home, courts have used a rate of $54.95 to calculate the damages based on the per-person method. *See 1400 Forest Ave. Rest. Corp.*, 2014 WL 4467774, at *12 n.8. Applying a $54.95 rate, it would have cost 35 viewers, the maximum observed by plaintiff's investigator at La Frontera, a total of $1,923.25 to view the Event at home. Because this is lower than the $3,000 sublicensing fee, the court will use the

flat-fee method. The court also notes that awarding plaintiff damages equal to the sublicensing fee of $3,000 exceeds the statutory minimum of $1,000. *See* 47 U.S.C. § 605(e)(3)(C)(ii).

In this case plaintiff requested the court not to use either approach discussed above, but rather asks the court to adopt the approach used in *J & J Sports Prods., Inc. v. McCausland*, No. 10-CV-1564, 2012 WL 113786 (S.D. Ind. Jan. 13, 2012). There, the court awarded $10,000 in statutory damages and $30,000 in enhanced damages, citing "the need to send a deterrent signal to defendants and other would-be offenders." *McCausland*, 2012 WL 113786, at *4. Here, plaintiff requests $9,000 in statutory damages, three times the licensing fee, and cites a variety of cases outside this District and Circuit. *See, e.g.*, *J & J Sports Prods., Inc. v. Tonita Rest., LLC*, No. 13-CV-0382, 2015 WL 9462975, at *5 n.8 (E.D. Ky. Dec. 28, 2015). Plaintiff also seeks $27,000 in enhanced damages, relying on *J & J Sports Prods., Inc. v. Meson de Colombia, Inc.*, No. 10-CV-1142, 2010 WL 4791771, at *3 (E.D.N.Y. Oct. 7, 2010), where a judge of this court recommended a multiplier of three for enhanced damages. That case, however, involved a statutory award of only $1,500.

As plaintiff noted in its papers, previous approaches by courts in the Second Circuit would award statutory damages equivalent to the sublicensing fee of $3,000. (*See* Pl. Mem. at

15

8.) Though plaintiff has requested the court use an approach that considers defendant La Frontera's willful conduct and the importance of deterrence, this court sees no reason that it should deviate from typical decisions in the Second Circuit. Accordingly, the court finds that plaintiff is entitled to an award of $3,000 in statutory damages.

### B. Enhanced Damages

Plaintiff also requests an award of enhanced damages in the amount of $27,000. In support, plaintiff alleges that the unchecked activity of signal piracy has resulted in its loss of millions of dollars in revenue sales. (Gagliardi Aff. ¶ 12.) Several courts in this Circuit have awarded enhanced damages after finding a willful violation of § 605. *See, e.g.*, *Garden City Boxing Club, Inc. v. Extasis Corp.*, No. 07-CV-3853, 2008 WL 3049905, at *8 (E.D.N.Y. Aug. 1, 2008) (awarding $10,000 in enhanced damages because of likely increase in food and beverages sales); *Garden City Boxing Club, Inc. v. Huesca*, No. 05-CV-3698, 2007 WL 5253982, at *5-6 (E.D.N.Y. Dec. 4, 2007) (finding willfulness and commercial advantage in awarding enhanced damages); *J & J Sports Prods., Inc. v. Castrillon*, No. 07-CV-2946, 2009 WL 1033364, at *4 (E.D.N.Y. Apr. 16, 2009) (awarding treble damages as deterrent against future violations).

The court finds that, consistent with previous decisions by judges in this court, plaintiff has adequately pleaded facts establishing a willful violation of § 605 by defendant La Frontera. *See Huesca*, 2007 WL 5253982, at *5-6 ("Defendants who intercept signals and broadcast programming without authorization in a place of business where certain events are shown to the public are generally held to have acted willfully and for purposes of commercial advantage.")(collecting cases); *see also Time Warner Cable*, 77 F. Supp. 2d at 490 ("[S]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). Therefore, damages should be enhanced to penalize defendant La Frontera, and the court finds that an award of enhanced damages in the amount of $3,000 for La Frontera's willful violation is appropriate.

C. **Prejudgment Interest**

Plaintiff also requests pre- and post-judgment interest at the federal statutory rate. (*See* Pl. Mot. ¶ 5.) Section 605 does not provide for an award of interest. *See Entm't by J & J Inc. v. Miraldo Rest., Inc.*, No. 01-CV-10832, 2003 U.S. Dist. LEXIS 11361, at *16 (S.D.N.Y. Apr. 23, 2003), *adopted at*, 2003 U.S. Dist. LEXIS 9624, at *4-5 (S.D.N.Y. June 10, 2003). The court may nevertheless choose to award pre-judgment interest. *See Endico Potatoes, Inc. v. CIT Grp.*

17

*Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995) (holding that "[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted 'are matters confided to the district court's broad discretion'" (citation omitted)). "The Second Circuit has recognized that pre-judgment interest may be permitted in the absence of express statutory authorization 'when the awards were fair, equitable and necessary to compensate the wronged party fully.'" *Garden City Boxing Club, Inc. v. Rojas*, No. 05-CV-1047, 2006 WL 3388654, at *9 (E.D.N.Y. Nov. 21, 2006). Courts, however, should not award pre-judgment interest where "the statutory obligation on which interest is sought is punitive in nature." *See Wickham Contracting Co., Inc. v. Local Union No. 3*, 955 F.2d 831, 834 (2d Cir. 1992). And statutory damages under the FCA are analogous to punitive damages in that they are designed to deter others from similar violations. *J & J Sports Prods., Inc. v. La Ruleta, Inc.*, No. 11-CV-4422, 2012 WL 3764062, at *5 (E.D.N.Y. Aug. 7 2012); *see also J & J Sports Prods., Inc. v. Onyx Dreams, Inc.*, No. 12-CV-5355, 2013 WL 6192546, at *7 (E.D.N.Y. Nov. 26 2013); *J & J Sports Prods., Inc. v. Chulitas Entm't Corp.*, No. 12-CV-3177, 2014 WL 917262, at *6 (E.D.N.Y. Mar. 10, 2014). The court thus declines to award pre-judgment interest, but awards post-judgment interest. *See* 28 U.S.C. § 1961(a) ("Interest

shall be allowed on any money judgment in a civil case recovered in a district court.").

### D. Attorneys' Fees and Costs

Finally, plaintiff seeks attorneys' fees and litigation costs. Section 605 provides that a prevailing aggrieved party is entitled to costs and reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii) (stating that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails"); *see also Int'l Cablevision*, 997 F.2d at 1009. Plaintiff, however, does not provide support for an award of fees or costs but instead requests the court grant it 30 days leave to submit evidence supporting such an award. As such, counsel has not provided any records of hours worked, average hourly fees, or any other documents to support an award. The court is not inclined to perpetuate this litigation and shall decline to award fees, but shall grant plaintiff 14 days leave from the date of this Order to move the court, and provide supporting documentation, for such an award. *But see J & J Sports Prods., Inc. v. Sin Fronteras Rest.*, No. 09-CV-1873, 2010 WL 1565441, at *10 (E.D.N.Y. Feb. 23, 2010); *see also J & J Sports Prods., Inc. v. Alvarez*, No. 07-CV-8852, 2009 WL 3096074, at *7 (S.D.N.Y. Sept. 25, 2009) (declining to award attorneys' fees for failure to keep contemporaneous time records).

## CONCLUSION

Accordingly, the court orders that plaintiff be awarded a judgment against La Frontera in the amount of $3,000 in statutory damages, and $3,000 in enhanced statutory damages. The Clerk of Court is respectfully directed to enter judgment in favor of plaintiff against defendant La Frontera in the amount of $6,000 and to dismiss the Complaint as against defendant Orellana. Plaintiff's counsel shall serve a copy of this Memorandum and Order and the Judgment on defendants, and note service on the docket. Any remaining claims in the Complaint that plaintiff has abandoned in its motion for default judgment are dismissed without prejudice. Within 14 days from the date of this Order plaintiff may move this court for an award of attorneys' fees but must submit sufficient supporting documentation. The judgment in the amount of $6,000 shall accrue interest at the rate provided in 28 U.S.C. § 1961 from the date of entry of judgment.

**SO ORDERED.**

Dated: March 13, 2019
Brooklyn, New York

/s/
**Kiyo A. Matsumoto**
United States District Judge